1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   THOMAS G. CALABRESE,                )    Civil No. 05cv0149-L(BLM)
                                         )
12                  Plaintiff,           )    **ORDER DENYING PLAINTIFF'S**
                                         )    **MOTION WITHOUT PREJUDICE**
13                                       )    **FOR LACK OF JURISDICTION TO**
                                         )    **CONSIDER THE MOTION**
14   v.                                  )
                                         )    [Docket # 43]
15                                       )
                                         )
16   GORDON R. ENGLAND, Secretary of     )
     the Navy,                           )
17                                       )
                    Defendant.           )
18   _____ )

19

20          On March 14, 2006, the Court issued an order granting Defendant's motion for summary

21   judgment and entered judgment on the same day.  On April 4, 2006, Plaintiff filed a document

22   styled as "T[]olling the Statutes of Limitations," which the Court construed as a motion for

23   reconsideration of the summary judgment order.[1]  For the reasons which follow, the Court finds

24   it lacks jurisdiction to consider Plaintiff's motion.

25   _____

26          [1]      Although the clear intent of the motion is to change the outcome of Defendant's
     summary judgment motion, Plaintiff did not specify whether his motion was brought pursuant to
27   Federal Rule of Civil Procedure 59(e) or 60(b).  Since the motion was filed more than ten days
     after the entry of judgment, a Rule 59(e) motion would have been untimely.  Fed. R. Civ. P.
28   59(e).  Accordingly, Plaintiff's motion is construed as a Rule 60(b) motion.  *See Straw v. Bowen*,
     866 F.2d 1167, 1172 (9th Cir. 1989).

Generally, once a party files a notice of appeal, the district court is divested of jurisdiction over any matter which is the subject matter of the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Plaintiff's motion seeks reconsideration of the summary judgment order, and the notice of appeal expressly pertains to that order.

An exception to the general rule is provided in Rule 4(a)(4) of the Federal Rules of Appellate Procedure, which provides that a district court retains the power to alter or amend judgment when a notice of appeal has been filed. *See id.* at 59-60. Rule 4(a)(4) tolls the date when the notice of appeal takes effect until the district court rules on a "motion listed in Rule 4(a)(4)(A)." Fed. R. Civ. Proc. 4(a)(4)(B)(I). This exception applies to a Rule 60(b) motion only "if the motion is filed no later than 10 days after the judgment is entered. Fed. R. App. Proc. 4(a)(4)(A)(vi). If the motion is filed within this time period, it renders the notice of appeal ineffective to confer jurisdiction on the appellate court until the district court rules on the motion. Fed. R. App. Proc. 4(a)(4)(B)(I); *see also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002). However, Plaintiff's motion was filed more than ten days after entry of judgment, and therefore did not serve to delay the effectiveness of his notice of appeal. *See Miller*, 300 F.3d at 1064. Accordingly, this Court was divested of jurisdiction when the notice of appeal was filed.

Under these circumstances, the proper procedure is to "file[] a motion asking the district court to indicate its willingness to entertain a Rule 60(b) motion." *Carriger v. Lewis*, 971 F.2d 329, 332 (9th Cir. 1992); *see also Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). Following a ruling on this request, the party should, "move [the appellate] court, if appropriate, for remand of the case." *Williams*, 384 F.3d at 586; *see also Carriger*, 971 F.2d at 332. Plaintiff did not observe this procedure, and therefore he did not revest this Court with jurisdiction to consider his motion.[2] *See Williams*, 384 F.3d at 586. Any substantive order on Plaintiff's

---

[2] If the Court had jurisdiction to consider the motion, it would not be inclined to grant it. The motion is based on statute of limitations tolling arguments and evidence which could have been presented in opposition to Defendant's summary judgment motion. Plaintiff does not explain why these arguments and evidence were not presented at that time. Even if the Court were to conclude the statute of limitations should be tolled, Plaintiff does not address the finding in the summary judgment order of lack of subject matter jurisdiction over the case.

05cv0419

motion would be void for lack of jurisdiction. *See id*. Accordingly, Plaintiff's motion for reconsideration is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction.

   **IT IS SO ORDERED**.

DATED:  October 27, 2006

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

05cv0419